OPINION
Appellant Brenda Hoffman ("mother") appeals the June 22, 2001 Judgment Entry entered by the Stark County Court of Common Pleas, Family Court Division, which terminated her parental rights, privileges and obligations with respect to her minor child, and granted permanent custody of the child to Stark County Department of Jobs and Family Services ("SCDJFS").
 STATEMENT OF THE FACTS AND CASE
On April 18, 2000, SCDJFS filed a complaint for temporary custody of mother's two minor children, Brandon Hoffman (DOB 7/30/99) and Melanie Dedmon (DOB 8/14/91). The complaint alleged Brandon was an abused child due to a skull fracture and an epidural hematoma, and Melanie was a dependent child due to the abuse of Brandon and the instability of her biological father, who was at the time incarcerated. After an emergency shelter care hearing, the trial court ordered the children be placed in the temporary custody of SCDJFS. The trial court also ordered mother to undergo a psychological evaluation. The trial court issued a no contact order. The trial court conducted an adjudicatory hearing on June 29, 2000. Mother stipulated to a finding of abuse regarding Brandon, and a finding of dependency relative to Melanie. Brandon remained in the temporary custody of SCDJFS. The trial court granted legal custody of Melanie to her paternal grandparents. Thereafter, SCDJFS's involvement with Melanie terminated.
SCDJFS filed a motion for permanent custody of Brandon on February 23, 2001. Carol and Raymond Ritchey, relatives of mother, filed a motion for custody. The trial court conducted a hearing on the motions on May 29, 2001. During the best interest phase of the hearing, the guardian ad litem participated in the cross-examination of witnesses, however, the parties were not provided with an opportunity to cross-examine the guardian relative to her report. The trial court admitted the guardian's report into evidence, without objection.
Via Judgment Entry filed June 22, 2001, the trial court terminated mother's parental rights, privileges and obligations, and granted permanent custody of Brandon to SCDJFS. The trial court denied the Ritchey's motion for custody.
It is from this judgment entry mother appeals, raising the following assignments of error:
 THE COURT DENIED APPELLANT HER RIGHT TO DUE PROCESS IN VIOLATION OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION.
 THE COURT COMMITTED REVERSIBLE [SIC] ERROR BY NOT PERMITTING APPELLANT'S COUNSEL TO EXAMINE THE GUARDIAN AD LITEM WITH RESPECT TO THE CONTENTS OF HER REPORT.
 THE COURT COMMITTED PREJUDICIAL ERROR BY MAKING FINDINGS OF FACT BASED ON INADMISSIBLE HEARSAY.
 THE COURT COMMITTED PLAIN ERROR IN CONCLUDING THAT BRANDON HAD BEEN IN THE CUSTODY OF THE DEPARTMENT OF JOB AND FAMILY SERVICES FOR 12 OF THE 22 MONTHS PRIOR TO THE PERMANENT CUSTODY HEARING.
 BECAUSE THE MANIFEST WEIGHT OF THE EVIDENCE DID NOT WARRANT A FINDING IN FAVOR OF THE MOTION FOR PERMANENT CUSTODY, THE TRIAL COURT'S DECISION SHOULD BE OVERRULED.
 I, II, III
Because mother's first, second, and third assignments of error are interrelated, we shall address said assignments together. In her first assignment of error, mother maintains the trial court violated her due process rights by denying her an opportunity to cross-examine the guardian ad litem. In her second assignment of error, mother asserts the trial court committed reversible error in not permitting mother to cross-examine the guardian ad litem with respect to the contents of her report. In her third assignment of error, mother claims the trial court erred in making findings of fact based upon inadmissible hearsay.
R.C. 2151.414(C) provides:
 (C) In making the determinations required by this section or division (A)(4) of section 2151.353 of the Revised Code, a court shall not consider the effect the granting of permanent custody to the agency would have upon any parent of the child. A written report of the guardian ad litem of the child shall be submitted to the court prior to or at the time of the hearing held pursuant to division (A) of this section or section 2151.35 of the Revised Code but shall not be submitted under oath.
In the instant action, the trial court denied mother's request to cross-examine the guardian based upon this Court's decision in In re:Joseph Nelson.[1] The appellant in Nelson challenged the trial court's failure to require the guardian ad litem to appear for the permanent custody hearing.[2] The appellant argued the trial court's failure to do so was reversible error as the appellant was unable to call the guardian as a witness. This Court determined the appellant's right to call witnesses was not denied despite the guardian's absence because "cross-examination of the guardian ad litem would mean she would have to be sworn in and testify under oath, which is prohibited by R.C.2151.414(C)."[3] The Nelson court also noted cross-examination of a guardian is not a legal right as the guardian's report is provided to the court and counsel during the dispositional phase of the case.[4] We find this rationale to be somewhat flawed. Although a hearing to determine whether temporary orders regarding custody should be modified to orders for permanent custody are considered dispositional hearings, the Rules of Evidence apply.[5]
After the trial court herein informed the parties the guardian's report would be admitted into evidence, mother requested the opportunity to cross-examine the guardian as to the contents of the report. The trial court denied the request. We find once the trial court admitted the guardian's report into evidence, the trial court was required to permit mother to cross-examine the guardian.[6]
We now turn to mother's assertion the trial court erred in issuing findings of fact based upon the inadmissible hearsay of the guardian's report. Specifically, the trial court quoted the guardian's report as follows:
 While it is true that children can adapt to change, it is equally true, according to therapist, Robin Tener, that children grieve at the loss of loved ones and that their grieving is commensurate to the attachment they have to their care takers. In this case, the grieving would be lengthy, unnecessary and contrary to Brandon's best interest.[7]
Upon review of the record, we note mother did not object on hearsay grounds to the trial court's admission of the guardian's report. When a party fails to raise a hearsay objection at the time when the documents could be cured, the party waives that error on appeal.[8] Having failed to object, mother has waived the right to allege error as to this issue.
Mother's first and second assignments of error are sustained.
Mother's third assignment of error is overruled.
 IV
In her fourth assignment of error, mother contends the trial court erred in concluding Brandon had been in the custody of SCDJFS for twelve of the twenty-two months prior to the permanent custody hearing.
A review of the record reveals Brandon was removed from mother's home on April 18, 2000. The trial court adjudicated Brandon an abused child on June 29, 2000. SCDJFS filed a motion for permanent custody on February 23, 2001. The trial court conducted a hearing on the motion on May 29, 2001.
Pursuant to R.C. 2151.414(B)(1), "a child shall be considered to have entered the temporary custody of an agency on the earlier of the date the child is adjudicated pursuant to Section 2151.28 of the Revised Code for the date that is sixty days after the removal of the child from the home."
As stated supra, Brandon was removed from mother's home on April 18, 2000. The trial court adjudicated Brandon as abused on June 29, 2000. Sixty days after the removal from mother's home, which was the earlier event, is June 17, 2000. Accordingly, we agree with mother a finding Brandon was in the custody of SCDJFS for twelve of the prior twenty-two months was erroneous. However, upon review of the trial court's findings of facts, we find such was not the trial court's sole determination pursuant to R.C. 2151.414(B)(1). Accordingly, any error from this finding is harmless under the two-issue rule.
Mother's fourth assignment of error is overruled.
 V
In her fifth assignment of error, mother raises a manifest weight of the evidence claim. In light of our disposition of mother's first and second assignments of error, we find mother's fifth assignment of error to be premature.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas, Family Court Division, is reversed and the matter remanded for further proceedings consistent with law and this opinion. Costs assessed to appellee.
Hon. William B. Hoffman, J. Hon. Julie A. Edwards, P.J. concurs separately, Wise, J. dissents.
[1] In re: Joseph Nelson (Dec. 21, 1998), Stark App. No. 1998CA00037, unreported.
[2] Id.
[3] Id.
[4] Id. (Citation omitted).
[5] Juv. R. 34(I). See, comments Juv. R. 2.
[6] In re: Duncan/Walker Children (1996), 109 Ohio App.3d 845 .
[7] Findings of Fact and Conclusions of Law at 8.
[8] Amerifirst Sav. Bank of Xenia v. Krug (1999), 136 Ohio App.3d 468,481; State v. Sibert (1994), 98 Ohio App.3d 412, 422.