DECISION AND JUDGMENT ENTRY
{¶ 1} Sarita Emery appeals the Lawrence County Common Pleas Court, Juvenile Division's decision granting permanent custody of her five minor children to the Lawrence County Department of Job and Family Services. Ms. Emery contends the trial court erred when it denied her request to appoint legal counsel for the minor children. She contends the court should have appointed legal counsel for the children after a conflict arose between the children and the guardian ad litem. Because the Revised Code and the Juvenile Rules require indigent children to have appointed counsel in a juvenile proceeding where their interests are in conflict with the role of the guardian ad litem, we remand this matter for a determination of whether such a conflict exists.
 {¶ 2} In late January 2002, the Lawrence County Department of Job and Family Services (agency) filed five individual complaints alleging that Brianna, Tiffany, Timothy, Jessea, and Misty Emery, who ranged in age from two to thirteen years old, were neglected and/or dependent children. Three weeks later, the agency removed the children from the home. The children's mother obtained court appointed counsel and eventually, in April 2002, admitted the children were dependent. In exchange for Ms. Emery admitting dependency, the agency dismissed the allegations of neglect. Since Ms. Emery and the agency were uncertain as to the whereabouts of the children's various fathers, the court made service on them by publication. However, none of the putative fathers entered an appearance at the hearing.
 {¶ 3} In addition to appointing counsel for Ms. Emery, the trial court appointed a guardian ad litem (GAL) for the children during the initial stages of the proceedings. After Ms. Emery admitted dependency and before the initial dispositional hearing on August 20, 2002, the GAL filed a preliminary report (June 5, 2002) recommending that permanent custody be granted to the agency. While the parties dispute the nature and extent of Ms. Emery's visitation with the children during this period, it does not appear that the GAL had interviewed the children prior to filing his preliminary report. On August 13, 2002, Ms. Emery filed a motion for an in camera interview with the children to determine their position on reunification because "[t]o date, the children have not been consulted in regard to their relationship with their mother and their wishes."
 {¶ 4} The dispositional phase of the proceedings lasted three days, August 20, 21, and September 26, 2002. Immediately prior to the last day, Ms. Emery's counsel filed a motion to dismiss the complaints, or in the alternative, to rehear the case because the children's desire for reunification created a conflict for the GAL who recommended terminating the parent/child relationship. According to the motion, this conflict created the need for court appointed counsel for the children. Since the children had no one to advocate their position, Ms. Emery concluded that the complaints should be dismissed, or alternatively, the court should "allow a rehearing on the matter * * * so that the children may be represented by counsel." Counsel for the agency filed a memorandum contra and the court held a hearing on the issue where it listened to arguments from both sides. After taking a brief recess to research the issue, the court concluded that the motion was not timely. The court also concluded that the GAL and Ms. Emery's attorney could adequately represent the children's interests.
 {¶ 5} After denying Ms. Emery's motion, the court proceeded to hear the remaining evidence in the dispositional phase. At the end of the hearing, the court asked the GAL to file a supplemental written report, with an opportunity for the parties to respond. Upon receipt of that report and one from the agency, the court issued its final judgment awarding permanent custody to the agency.
 {¶ 6} Ms. Emery filed an appeal from that judgment and raises the following assignments of error: "ASSIGNMENT OF ERROR NO. 1 — The trial court erred in failing to appoint an attorney to represent the interests of the children in violation of their rights under the 6th and14th Amendments to the United States Constitution, Article I Section 16
of the Ohio Constitution, Ohio Revised Code Section 2151.352 and Juvenile Rule 4. ASSIGNMENT OF ERROR NO. 2 — The guardian ad litem provided ineffective assistance in failing to request that the court appoint counsel to represent the child and in failing to submit a timely report."
 {¶ 7} Ms. Emery's first assignment of error requires us to address a question of law, which we review de novo. She contends the court should have appointed counsel for the children in light of the apparent conflict between the GAL's position and the children's wishes. We agree to the extent that the court should have inquired further to determine if a conflict existed before denying the motion.
 {¶ 8} Juv.R. 2(Y) defines "party" to include "a child who is the subject of a juvenile court proceeding,". The effect of Juv.R. 2(Y) is to erase any doubt that both the parent and child are parties to all types of juvenile court proceedings that are covered by the rules. Banks-Baldwin Editor's Comment to Juv.R. 2(Y). Juv.R. 15(A) provides that "the court shall cause the issuance of a summons directed to the child * * * and any other persons who appear to be proper or necessary parties." However, the rule also provides that, "[a] child alleged to be abused, neglected, or dependent shall not be summoned unless the court so directs." Juv.R. 15(A). Thus, while an allegedly dependent child is a necessary party, the child need not receive a summons according to the rule.
 {¶ 9} R.C. 2151.352 addresses the rights of a party to be represented by counsel in juvenile proceedings.[1] In State ex rel.Asberry v. Payne, 82 Ohio St.3d 44, 48, 1998-Ohio-596, 693 N.E.2d 794, the Supreme Court of Ohio construed that statute and found: "under the plain language of R.C. 2151.352, indigent children * * * are entitled to appointed counsel in all juvenile proceedings." Juv.R. 4(A) also provides that every party has the right to be represented by counsel and "every child * * * [has] the right to appointed counsel if indigent." According to Juv.R. 4(A), these rights arise "when a person becomes a party to a juvenile court proceeding." Thus, it is clear that the five Emery children were parties who had the right to appointed counsel upon being named in the complaints.[2]
 {¶ 10} At the initial shelter care hearing, the court appointed a GAL for the children as required by Juv.R. 4(B)(2) and (5). Juv.R. 4(C)(1) permits a licensed attorney who is appointed GAL to serve in a dual capacity as GAL and attorney for the child. However, the rule specifically provides for dual representation "providing no conflict between the roles exists." Juv.R. 4(C)(1). This recognizes the inherent danger of a conflict between these roles, as they serve different functions. The role of the GAL is to investigate the child's situation and then ask the court to do what he believes is in the child's best interest. In re Baby Girl Baxter (1985), 17 Ohio St.3d 229, 232,479 N.E.2d 257. The role of the attorney, on the other hand, is to zealously advocate for his client's wishes within the bounds of the law.Id. Thus, a conflict between these roles may arise when the child's wishes differ from what the GAL believes is in the child's best interests.
 {¶ 11} Moreover, in order for the GAL to serve in a dual capacity, the court must make a dual appointment. In re Duncan/WalkerChildren (1996), 109 Ohio App.3d 841, 844-45, 673 N.E.2d 217. See, also,In re Stacey S., 136 Ohio App.3d 503, 514, 1999-Ohio-989, 737 N.E.2d 92. Here, the GAL was a licensed attorney. However, there is nothing in the record to indicate that the court made a dual appointment. Therefore, the GAL served only as GAL, not as both GAL and attorney for the children. Accordingly, the Emery children were not represented by appointed counsel during the proceedings.
 {¶ 12} On September 26, 2002, Ms. Emery filed her motion to dismiss/rehear the case. She noted that the GAL advocated against reunification. She argued that the court should appoint counsel to represent the children since they wanted to be reunified with their mother. After hearing arguments from both parties, the court denied Ms. Emery's request to appoint counsel for her children.
 {¶ 13} We conclude the court's hearing on Ms. Emery's motion was deficient because the court did not consider the proper factors in determining whether a conflict existed between the children's desires and the GAL's position.
 {¶ 14} In In re Williams, Geauga App. Nos. 2002-G-2454, 2002-G-2459, 2002-Ohio-6588, at ¶ 26, the Eleventh District Court of Appeals established a procedure for its juvenile courts to use when deciding whether to appoint counsel for children who express a desire to be reunited with their parents. The court held: "We are not requiring that legal counsel be appointed every time a child states a desire to remain with a parent. However, when a child consistently expresses a desire to be with a parent, then a juvenile court should investigate, giving due regard to the child's maturity and understanding of the proceedings, and make a ruling about whether an attorney should be appointed to represent the child's interests and expressed wishes." Id. We agree that this is an appropriate procedure to be used when a child expresses a desire to be reunified with his or her parent. When a child expresses a desire to be reunified with his or her parent and this desire is contrary to the GAL's position, the court must inquire further to determine whether an actual conflict exists between the child's desire and the GAL's position. In determining whether such a conflict exists, the court should consider the child's maturity and ability to understand the proceedings. If after considering those factors, the court determines that an actual conflict does exist then the court must appoint counsel to represent the child.
 {¶ 15} The state argues that Ms. Emery is not entitled to assert her children's right to counsel. The state argues that the right to counsel is an individual right and the children themselves must assert it.
 {¶ 16} Because of the unique nature of the parent/child relationship, we conclude parents may assert their child's right to counsel. In In re Moody, Athens App. Nos. 00CA5, 00CA6, 2001-Ohio-2494, we held that parents have standing to appeal an error committed against their children if the error is prejudicial to the parents' rights. See, also, In re Smith (1991), 77 Ohio App.3d 1, 13, 601 N.E.2d 45. If the parents have standing to appeal an error committed against their children, it naturally follows that the parents may raise that error at the trial court level. Because Ms. Emery and the children desire the same outcome, i.e. reunification, there exists the possibility that Ms. Emery's rights will be prejudiced by the court's failure to appoint counsel for her children. Therefore, Ms. Emery may assert her children's right to counsel.
 {¶ 17} The state argues that if Ms. Emery is entitled to assert her children's right to counsel, she waived the right by not asserting it earlier in the proceedings. The state points out that the case had been pending for over eight months before Ms. Emery requested that the court appoint counsel for her children.
 {¶ 18} From the record, it appears that the GAL first spoke with the children regarding their wishes on September 18, 2002, prior to the last day of the three-day dispositional hearing. In his supplemental report filed on October 1, 2002, the GAL indicated that the "children maintain a strong desire to be placed back with there (sic) mother." He went on to state, "[t]he children indicated that they would help their mother in any way possible if they could be returned to her residence."
 {¶ 19} The parties disagree about whether Ms. Emery had visitation with her children while this case was pending. According to Ms. Emery, she did not have access to her children and did not become aware of their desire for reunification until after the GAL met with the children on September 18, 2002. According to the state, Ms. Emery had visitation with the children throughout the pendency of the case.
 {¶ 20} Given the fact that the GAL did not consult the children regarding their wishes until September 18, 2002, and the possibility that Ms. Emery was unaware of her children's desire for reunification prior to that, we are reluctant to find waiver. Ms. Emery filed her motion to dismiss/rehear the case on September 26, 2002, one week after the GAL interviewed the children. We conclude that Ms. Emery did not waive her right to assert the children's right to counsel.
 {¶ 21} In summary, we find that Ms. Emery is entitled to assert her children's right to counsel and did not waive that right. Because we find that the court's hearing on Ms. Emery's motion was deficient, we remand this matter for a hearing consistent with the procedures set forth above. Accordingly, Ms. Emery's first assignment of error is well taken.
 {¶ 22} In her second assignment of error Ms. Emery contends the GAL provided ineffective assistance. Ms. Emery advances two separate arguments under this assignment of error. First, she argues the GAL provided ineffective assistance by failing to ask the court to appoint counsel for the children. Second, she argues the GAL provided ineffective assistance because he failed to submit a timely report.
 {¶ 23} Because we have remanded this case for further proceedings based on Ms. Emery's first assignment of error, we find that her second assignment of error is moot. See App.R. 12. Therefore, we decline to address Ms. Emery's second assignment of error.
JUDGMENT REVERSED AND CAUSE REMANDED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED AND CAUSE REMANDED and that Appellant recover of Appellee costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Lawrence County Common Pleas Court, Probate-Juvenile Division, to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Evans, P.J. Kline, J.: Concur in Judgment and Opinion.
[1] R.C. 2151.352 provides:
 A child or the child's parents, custodian, or other person in loco parentis of such child is entitled to representation by legal counsel at all stages of the proceedings under this chapter or Chapter 2152. of the Revised Code and if, as an indigent person, any such person is unable to employ counsel, to have counsel provided for the person pursuant to Chapter 120. of the Revised Code. * * *
[2] We assume that the Emery children are indigent in light of the appointment of counsel for their mother and their fathers' failure to appear.