OPINION
{¶ 1} Appellant Turonia Robinson appeals a judgment of the Court of Common Pleas, Juvenile Division, of Stark County, Ohio, which terminated her parental rights in her two minor children and granted permanent custody to appellee Stark County Department of Job and Family Services. The alleged fathers of the minor children are not parties to this appeal. Appellant assigns four errors to the trial court:
 {¶ 2} "I. The trial court erred in granting permanent custody when no written guardian ad litem report was properly submitted or admitted into evidence.
 {¶ 3} "II. The trial court erred in its determination that the stark county department of job and family services put forth good faith and diligent efforts to rehabilitate the family situation.
 {¶ 4} "III. The judgment of the trial court that the minor children cannot or should not be placed with appellant within a reasonable time was against the manifest weight and sufficiency of the evidence.
 {¶ 5} "IV. The judgment of the trial court that the best interest of the minor child [sic] would be served by the granting of permanent custody was against the manifest weight of the evidence.
 {¶ 6} The record indicates on February 29, 2000, appellee became involved with this family, alleging Rayla, then 2½ years old, was dependent and neglected. The court found the child to be a neglected child on May 25, 2000, and placed the child in appellee's temporary custody.
 {¶ 7} On December 18, 2002, appellee filed a complaint seeking temporary custody of Demaren, then 5 months old, alleging the child to be a dependent and neglected child. On March 10, 2003, the court found this child to be a dependent child and placed the child in appellee's temporary custody.
 {¶ 8} On June 10, 2003, appellee filed its complaint for permanent custody of both children. The court heard the matter on August 12, 2003, and entered judgment on September 15, 2003. The trial court terminated appellant's parental rights and granted permanent custody of the children to appellee.
 {¶ 9} Appellant appealed the court's decision to this court in Stark Appellate No. 2003CA00354, and this court remanded the matter back to the juvenile court for a best interest hearing. The trial court conducted the best interest hearing on February 9, 2004, and found extending temporary custody in order to allow the parents to work on their case plan is not in the children's best interest, because the parents would not be able to remedy the initial problems in the case within the foreseeable future.
 {¶ 10} The trial court had approved a case plan appellee had written for appellant. The case plan required appellant to complete Goodwill parenting classes; obtain a substance abuse evaluation at Quest Recovery Services, and submit to random urine screens; to obtain a psychological evaluation and follow all recommendation; and to maintain stable housing and employment.
 I {¶ 11} In her first assignment of error, appellant argues the trial court erred in granting permanent custody when no written guardian ad litem report was properly submitted or admitted into evidence.
 {¶ 12} The trial court's findings of fact state it received and reviewed a report from the guardian ad litem. Appellant urges the only reference to any guardian ad litem reports at any of the hearings in the case was when counsel for appellant objected to the report as hearsay. Appellant urges there is no record of any written report being admitted into evidence.
 {¶ 13} R.C. 2151.414 (C) provides a written report of the guardian ad litem of the child shall be submitted to the court prior to or at the time of hearing held pursuant to Division A of the section, but shall not be submitted under oath. In the case of In Re: Ridenour (April 16, 2004), Lake Appellate Nos. 203-L-146, 203-L-147, and 203-L-148, 2004-Ohio-1958, the 11th District Court of Appeals found the role of a guardian ad litem is to provide the court with an independent evaluation of the issues, particularly the children's best interests, citing InRe: Hoffman, 97 Ohio St. 3d 92, 2002-Ohio-5368. Thus, the purpose of the guardian ad litem's report is to give the court information in addition to that elicited at the hearing. It is based not on the testimony given at the hearing but, on the guardian's experience in the case, and must be an independent source of information to guide the juvenile court in making its decision. This court held a guardian ad litem's report should not be considered evidence in In the Matter of Duncan/WalkerChildren (1996), 109 Ohio App. 3d 841, 673 N.E. 2d 217.
 {¶ 14} We find the trial court did not err in finding the guardian ad litem report was submitted to it, and it had reviewed it.
 {¶ 15} The first assignment of error is overruled.
 II {¶ 16} In her second assignment of error, appellant argues the court erred in finding the DJFS made good-faith, diligent efforts to rehabilitate the family's situation. One of the factors the trial court must consider in determining whether a child cannot or should not be placed with a parent within a reasonable period of time is whether, following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problem that initially caused the child to be placed outside the home, the parent has nonetheless, failed continuously and repeatedly to substantially remedy the conditions which caused the child to be placed outside the home.
 {¶ 17} In essence, appellant challenges appellee's assertion she had failed to complete the provisions of her reunification plan. Her case worker testified appellant had successfully completed the Goodwill parenting classes with a certificate of participation, and had completed her psychological evaluation. The case worker testified she did not know whether appellant had attended any on-going counseling after the psychological evaluation.
 {¶ 18} The psychologist who tested appellant testified independent housing and employment would be difficult for appellant, although stable housing would be appropriate and employment would probably be limited. The case worker assigned to appellant's case testified she had not spoken with the psychologist, but was not surprised he found it would be difficult for appellant to maintain independent housing. The case worker also testified appellant had moved twice in the last 8 months, the second time, approximately 3 weeks before the hearing. The case worker did not know appellant's current address.
 {¶ 19} In sum, appellant argues the assigned case worker did not act in good faith and with diligence in providing services designed to reunite this family, and prepared a case plan she knew appellant could not complete.
 {¶ 20} The trial court found, and the record supports, appellant continued to test positive for illegal substances throughout the pendency of this case. Appellee points out the case worker testified it would be acceptable to appellee if appellant resided with another individual, so long as the individual was supportive. Appellant did not keep the agency apprised of her most recent address, and her counsel was unable to locate her or have contact with her.
 {¶ 21} We find the trial court correctly found appellee put forth good faith and diligent efforts to reunify the family, but appellant had failed to substantially remedy the conditions which originally caused the children to be removed from the home.
 {¶ 22} The second assignment of error is overruled.
 III {¶ 23} In her third assignment of error, appellant argued the trial court's finding the children could not and should not be placed with her within a reasonable was against the manifest weight and sufficiency of the evidence. Appellant correctly states appellee has the burden of proof by clear and convincing evidence that the parental rights should be terminated.
 {¶ 24} R.C. 2151.414 (E) sets forth sixteen factors a trial court may consider as grounds for finding a child cannot or should not be placed with either parent within a reasonable time period. The court cited R.C. 2151.414 (E)(1). This factor is whether following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly to substantially remedy the conditions which caused the child to be placed outside the home. The court must consider parental utilization of medical, psychological, psychiatric, social, and rehabilitative services and material resources that were made available to the parents for the purpose of assisting them to change their conduct and allow them to resume and maintain their parental duties.
 {¶ 25} As stated in II, supra, the trial court reviewed the reunification plan, and heard evidence appellant had not utilized the services offered to assist her in completing the requirements of the case plan.
 {¶ 26} We find there was sufficient, competent and credible evidence presented to the trial court to permit it to find by clear and convincing evidence the children cannot and should not be placed with appellant within the foreseeable future. Accordingly, the third assignment of error is overruled.
 IV {¶ 27} Finally, appellant argues the court's finding that the best interest of the children would be served by granting permanent custody to appellee was against the manifest weight and sufficiency of the evidence.
 {¶ 28} R.C. 2151.414 (D) sets forth the factors a court must consider in determining the best interest of the children: (1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster caregivers and out-of-home providers, and any other person who may significantly affect the child;
 {¶ 29} (2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
 {¶ 30} (3) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999;
 {¶ 31} (4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;
 {¶ 32} (5) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child.
 {¶ 33} Appellant argues the evidence adduced at the hearing indicated appellant had strongly bonded with the children, particularly Rayla, who told the case worker she would like to be with her mother.
 {¶ 34} The case worker testified the foster parents are willing to adopt both children, who had been placed together in the home since July, 2003. The case worker testified the children were healthy, and not suffering any physical, psychological, or developmental problems. The case worker testified she believed permanent custody was in the best interest of the children because the mother had a long history of drug abuse and unstable housing.
 {¶ 35} We have reviewed the record, and we find there was sufficient, competent and credible evidence offered to permit the trial court to find by clear and convincing evidence it was in the best interest of the children to grant permanent custody to appellee.
 {¶ 36} The fourth assignment of error is overruled.
 {¶ 37} For the foregoing reasons, the judgment of the Court of Common Pleas, Juvenile Division, of Stark County, Ohio, is affirmed.
Gwin, P.J., Wise, J., and Boggins, J., concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Juvenile Division, of Stark County, Ohio, is affirmed. Costs to appellant.