[Cite as *B.K. v. R.E.K.*, 2024-Ohio-203.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| B.K. | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Andrew J. King, J. |
| -vs- | : | |
| | : | |
| R.E.K. | : | Case No. 23-COA-011 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:         Appeal from the Court of Common
                                 Pleas, Domestic Relations Division,
                                 Case No. 14 DIV 020



JUDGMENT:                        Affirmed



DATE OF JUDGMENT:                January 18, 2024



APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

MICHAEL J. ASH                            JOSEPH P. KEARNS
3431 Commerce Parkway                     P.O. Box 345
Suite C                                   153 West Main Street
Wooster, OH  44691                        Ashland, OH  44805

*King, J.*

{¶ 1} Defendant-Appellant, R.E.K. ("mother"), appeals the June 13, 2023 judgment entry of the Court of Common Pleas of Ashland County, Ohio, Domestic Relations Division, terminating the shared parenting plan and awarding legal custody of a child to Plaintiff-Appellee, B.K. ("father"). We affirm the trial court.

FACTS AND PROCEDURAL HISTORY

{¶ 2} On June 2, 2015, the parties were granted a divorce. The decree adopted a shared parenting plan for the parties' child born May 2014. Mother was designated the residential parent and the child lived primarily with mother.

{¶ 3} On May 5, 2021, father filed a motion to modify the allocation of parental rights and responsibilities for mother's failure to abide by the terms of the shared parenting plan.

{¶ 4} On September 21, 2021, mother filed a motion to terminate the shared parenting plan because it was in the child's best interest. In his response filed September 24, 2021, father agreed the shared parenting plan should be terminated.

{¶ 5} A magistrate held a status hearing on March 16, 2022. Based on mother's conduct during the pendency of the proceedings, the magistrate sua sponte placed the child in father's temporary custody. The magistrate held a hearing on this temporary order on March 24, 2022. By order filed March 29, 2022, the magistrate continued the temporary custody of the child to father with supervised visitation to mother.

{¶ 6} On May 9, 2022, mother filed a notice of voluntary dismissal of her motion to terminate the shared parenting plan.

{¶ 7}   Hearings before a magistrate on several motions including the motion to modify the allocation of parental rights and responsibilities were held on December 19 and 20, 2022.   Father indicated he wanted to terminate the shared parenting plan and receive legal custody of the child.   The magistrate heard testimony from father, mother, mother's relative, and the guardian ad litem.   By decision filed February 9, 2023, the magistrate terminated the shared parenting plan, designated father as the residential parent and legal custodian of the child, and granted mother supervised visitation.

{¶ 8}   Mother filed objections.   By judgment entry filed June 13, 2023, the trial court denied the objections and concurred with and adopted the magistrate's decision.

{¶ 9}   Mother filed an appeal with the following assignments of error:

I

{¶ 10} "THE TRIAL COURT ERRED WHEN IT RELIED UPON HEARSAY EVIDENCE TO RENDER A DECISION."

II

{¶ 11} "THE TRIAL COURT ERRED WHEN IT RENDERED A DECISION AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."

I

{¶ 12} In her first assignment of error, mother claims the trial court erred in relying on hearsay evidence to render a decision.   We disagree.

{¶ 13} Mother argues the trial court erred in considering statements made by the child contained in the reports of the guardian ad litem, Annette R. Naumoff, Esq., and the psychologist, Aimee M. Thomas, Ph.D., J.D., P.C.C.-S, as they constitute hearsay

statements. Court Exhibits 1, 2, and 3. Mother also argues the trial court erred in considering the guardian ad litem's report as evidence.

{¶ 14} " 'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted in the statement" and is generally not admissible at trial. Evid.R. 801(C). "A statement is not hearsay when offered for a purpose other than to prove the truth of the matter asserted." *State v. Osie,* 140 Ohio St.3d 131, 2014-Ohio-2966, 16 N.E.3d 588, ¶ 118.

{¶ 15} We note at no time during the hearings did mother object to the testimony regarding the child's statements or the admission of the reports.

{¶ 16} The role of a guardian ad litem is to provide an independent, objective evaluation of a child's best interest. Sup.R. 48.03(A). A guardian's report can be based on interviews with numerous individuals, including but not limited to, the child, the parents, family members, family friends, school personnel, and other professionals. Sup.R. 48.03(D). Under Sup.R. 48.06(A)(1):

A guardian ad litem shall prepare a written final report, including recommendations to the court, within the times set forth in this division. The report shall affirmatively state that responsibilities have been met and shall detail the activities performed, hearings attended, persons interviewed, documents reviewed, experts consulted, and all other relevant information considered by the guardian ad litem in reaching the recommendations and

in accomplishing the duties required by statute, by court rule, and in the order of appointment from the court.

{¶ 17} "Given the guardian's role and the requirements that she explain her investigation and the basis for her recommendation, her report and testimony may necessarily include information about what other people told her." *Sypherd v. Sypherd,* 9th Dist. Summit No. 25815, 2012-Ohio-2615, ¶ 13; *Accord Geary v. Geary,* 2015-Ohio-259, 27 N.E.3d 877, ¶ 57 (5th Dist.). These "out-of-court statements do not become inadmissible 'hearsay' however, unless they are 'offered in evidence to prove the truth of the matter asserted' * * * an out-of-court statement offered simply to prove that the statement was made is not hearsay." *Id.*

{¶ 18} The guardian's report was admitted as an exhibit and the guardian was called to testify and was subject to cross-examination. Any testimony by the guardian relative to statements made by the child was given to explain her investigation and how and why she reached her recommendations. We do not find the child's statements were offered for the truth of the matter asserted.

{¶ 19} There is no indication in the record that the trial court relied solely on the guardian's report as evidence and did not render its own independent determination on best interest. In fact, the trial court noted it considered the magistrate's decision, the evidence presented, and the arguments of counsel. It also noted the magistrate considered other evidence presented by father, e.g., the child's absenteeism from school and the history of mother making false allegations against father. In one instance, mother

alleged a child abuse incident by father on Memorial Day weekend 2021 and then permitted the child to go on vacation with father in June 2021.  T. at 15-17.

{¶ 20} Even if the trial court relied on the guardian's report as evidence, the trial court may do so if it "afforded the parties sufficient due process protection by making the court-appointed investigator available for cross-examination."  *Webb v. Lane,* 4th Dist. Athens No. 99CA12, 2000 WL 290383, *3 (Mar. 15, 2000); *Accord Matter of L.D.,* 5th Dist. Licking Nos. 18-CA-91, 18-CA-92, 18-CA-93, 18-CA-94, 2019-Ohio-1944, ¶ 39.  In other words, "a trial court, in order to consider a guardian *ad litem's* report without violating the parties' due process rights, must afford all parties the opportunity to cross-examine the guardian *ad litem* regarding his or her report."  (Emphasis sic.)  *Id.*  In this case, the magistrate called the guardian to testify under oath and counsel was able to cross-exam the guardian.

{¶ 21} We note mother's reliance on *In the Matter of Duncan/Walker Children,* 109 Ohio App.3d 841, 673 N.E.2d 217 (5th Dist.1996), is inapplicable to this case.  The *Duncan* panel held a guardian's report "cannot be considered evidence" where the guardian's report was not under oath, and the guardian did not testify and was not subject to direct or cross-examination.  *Id.* at 845.  As noted above, the guardian in this case testified under oath and was subject to cross-examination.

{¶ 22} Mother also argues under R.C. 2317.01, the child was incompetent to make the statements because he was seven years old at the time he made the statements. The statute states: "All persons are competent witnesses except those of unsound mind and children under ten years of age who appear incapable of receiving just impressions

of the facts and transactions respecting which they are examined, or of relating them truly."

{¶ 23} There is nothing in the record to indicate the child was "incapable of receiving just impressions of the facts and transactions respecting which they are examined, or of relating them truly." The child did not testify at the hearings, but made the statements pursuant to the guardian's interview; the guardian was permitted to interview the child as part of her report. Sup.R. 48.03.

{¶ 24} In passing, mother argues an award of attorney fees to father, "based on the aforementioned hearsay evidence, should also be disallowed, as attorney fees were not warranted." Appellant's Brief at 6. No further argument was made. Attorney fees were granted in part "concerning the May 2022 temporary orders hearing" which was necessitated by mother's conduct. February 9, 2023 Magistrate's Decision at 25-26. Finding no issue with the hearsay statements, we do not find the award to be in error.

{¶ 25} Upon review, we find no error as argued by mother.

{¶ 26} Assignment of Error I is denied.

II

{¶ 27} In her second assignment of error, mother claims the trial court's decision was against the manifest weight of the evidence. We disagree.

{¶ 28} We note mother is not arguing an abuse of discretion. In *State v. Thompkins,* 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997), quoting *Black's Law Dictionary* 1594 (6th Ed.1990), the Supreme Court of Ohio explained the following:

Weight of the evidence concerns "the inclination of the *greater amount of credible evidence,* offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the *greater amount of credible evidence* sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its *effect in inducing belief.*" (Emphasis sic.)

{¶ 29} In weighing the evidence, we are always mindful of the presumption in favor of the trial court's factual findings. *Eastley v. Volkman,* 132 Ohio St .3d 328, 2012-Ohio-2179, 972 N.E.2d 517. A trial court is "best able to view the witnesses and observe their demeanor, gestures, and voice inflections, and use these observations in weighing the credibility of the proffered testimony." *Seasons Coal Co. v. Cleveland*, 10 Ohio St.3d 77, 461 N.E.2d 1273 (1984). Specifically, "the knowledge a trial court gains through observing witnesses and the parties in a custody proceeding cannot be conveyed to a reviewing court by a printed record." *Miller v. Miller*, 37 Ohio St.3d 71, 74, 523 N.E.2d 846 (1988). We will not reverse a trial court's decision on manifest weight unless the trial court "clearly lost its way and created such a manifest miscarriage of justice" that the decision must be reversed. *State v. Martin,* 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).

{¶ 30} A trial court may terminate a shared parenting plan if it determines that shared parenting is not in the child's best interest. R.C. 3109.04(E). Factors for the trial court to consider on best interest and whether a shared parenting plan is in the child's

best interest are found in R.C. 3109.04(F).  In its decision filed February 9, 2023, the magistrate terminated the shared parenting plan and designated father the residential parent and legal custodian of the child, finding the following:

> The Court has considered the above noted factors.  Based upon the evidence before the Court, the Court finds that shared parenting is not in the child's best interest.  The Guardian Ad Litem has recommended that the child be placed in the legal custody of the Plaintiff.  The Court further finds that the parties are unable to cooperate and make decisions jointly and that the Defendant is unwilling to encourage a loving and affectionate relationship between the Plaintiff and the child.  As set forth above, the Defendant has engaged in an attempt to sabotage the Plaintiff's relationship with the child by causing the child to falsely accuse the Plaintiff of abuse.  Said conduct has not only damaged the Plaintiff's relationship with the child, but also resulted in the child suffering emotional repercussions.

{¶ 31} The magistrate granted mother supervised parenting time with the child. Mother filed objections and the trial court was tasked with undertaking "an independent review as to the objected matters to ascertain that the magistrate has properly determined the factual issues and appropriately applied the law."  Civ.R. 53(D)(4)(d).  We find the trial court did so here; the trial court concurred with and adopted the magistrate's decision. Judgment Entry filed June 13, 2023.

{¶ 32} In our review of the record and the evidence presented, we find the inclination of the greater amount of credible evidence supports the trial court's decision on best interest.  T. at 14-17, 20, 26, 34-35, 60, 63, 73, 76, 256-260, 331, 340, 348.  Although the trial court acknowledged father also made poor decisions during the course of the proceedings, the trial court was concerned with mother's conduct after the filing of the reallocation motion.  Mother alleged father physically abused the child over Memorial Day weekend 2021, yet permitted the child to go on vacation with him in June 2021.  In July 2021, mother filed a pro se motion for a civil protection order against father, but withdrew it some twenty days later.  Prior to the filing of the complaint for divorce, mother alleged father committed an act of domestic violence against her; she sought a civil protection order, but then dismissed it.  Thereafter, she agreed to a shared parenting plan.  Both the guardian ad litem and the psychologist expressed concerns with mother encouraging the child to lie about his father.  Court's Exhibits 1 and 2.  The guardian found mother exhibited "manipulative behaviors" and the child has been "inappropriately influenced by Mother"; the psychologist stated mother has "destructive behaviors" and exhibits "emotionally abusive interactions" with the child.  *Id.*  The guardian recommended that father should be named residential parent and legal custodian of the child; the psychologist did not render an opinion on custody.  *Id.*  They both recommended mother's visits with the child should not be unsupervised.  *Id.*  Based upon the evidence presented, we do not find the trial court's determination was against the manifest weight of the evidence.

{¶ 33} Upon review, we do not find the trial court lost its way nor do we find a manifest miscarriage of justice.

{¶ 34} Assignment of Error II is denied.

{¶ 35} The judgment of the Court of Common Pleas of Ashland County, Ohio, Domestic Relations Division, is hereby affirmed.

By King, J.

Hoffman, P.J. and

Wise, J. concur.