IN RE WILLIAMS.

[Cite as *In re Williams,* 101 Ohio St.3d 398, 2004-Ohio-1500.]

(No. 2003–1466—Submitted December 16, 2003—Decided April 14, 2004.)

ALICE ROBIE RESNICK, J.

{¶ 1} This appeal requires us to determine when a juvenile court must appoint counsel for a child who is the subject of a proceeding to terminate parental rights. For the reasons that follow, we affirm the judgment of the Geauga County Court of Appeals on the certified issue.

I

Facts and Procedural History

{¶ 2} In June 2000, in response to a complaint filed by appellant, Geauga County Job and Family Services,[1] a judge of the Juvenile Division of the Geauga County Court of Common Pleas determined that Malcolm Williams (born May 22, 1996, to appellee, Dakota Williams, and Larry Williams) was a neglected and dependent child and placed Malcolm in the temporary custody of appellant for placement in foster care. In July 2000, the juvenile court, acting on a complaint filed by appellant regarding Shaquille Williams (born May 8, 2000, to appellee and Larry Williams) granted appellant protective supervision over Shaquille on a predispositional interim basis.

{¶ 3} The juvenile court returned Malcolm to appellee's custody in September 2000, under appellant's protective supervision. That same month, the juvenile court found Shaquille to be a neglected and dependent child and ordered appellant to continue protective supervision over Shaquille. In October 2001, the juvenile court determined, for a second time as to Malcolm and for the first time

---

1. At that time, appellant was known as the Geauga County Department of Human Services, and the complaint was filed under that name.

as to Shaquille, that appellant should exercise temporary custody and that the children should be placed in foster care.

{¶ 4} Appellant moved for permanent custody of both Malcolm and Shaquille in March 2002. The juvenile court held a four-day hearing, and on June 5, 2002, the court granted the motion for permanent custody as to both children and terminated the parental rights of appellee and Larry Williams.[2] Appellee appealed from the juvenile court's judgment to the Court of Appeals for Geauga County. Larry Williams did not appeal from the court's judgment.

{¶ 5} The court of appeals vacated the trial court's order granting permanent custody to appellant and remanded the cause for further proceedings. *In re Williams*, 11th Dist. Nos. 2002–G–2454 and 2002–G–2459, 2002-Ohio-6588, 2002 WL 31716777. The court of appeals noted that Malcolm had repeatedly expressed a desire to remain with his mother, that the guardian ad litem's recommendation that appellant's motion for permanent custody be granted conflicted with Malcolm's wishes, that Malcolm's interests were not represented by the guardian ad litem or by his parents, and that Malcolm, therefore, had been unrepresented in the proceedings. Id. at ¶ 9, 20, 23, 27.

{¶ 6} In light of the above facts, the court of appeals found that the juvenile court had erred in failing to consider whether Malcolm was entitled to counsel to represent his interests. Id. at ¶ 27. The court held, "[W]hen a child consistently expresses a desire to be with a parent, then a juvenile court should investigate, giving due regard to the child's maturity and understanding of the proceedings, and make a ruling about whether an attorney should be appointed to represent the child's interest and expressed wishes." Id. at ¶ 26. This court declined discretionary review of that decision. 98 Ohio St.3d 1425, 2003-Ohio-259, 782 N.E.2d 79.

{¶ 7} The juvenile court, on remand, appointed an attorney to represent Malcolm and Shaquille but only for the limited purpose of "fil[ing] a response to the motion for permanent custody stating the position of the child[ren] with respect to permanent custody." Based in part on the attorney's filings, which were little more than a statement indicating Malcolm's desire to live with his mother and Malcolm's reasons and a statement by the attorney that due to Shaquille's age, the attorney was unable to determine Shaquille's wishes, the court, without first holding a hearing, ruled that there was no need to appoint counsel to fully represent Malcolm's or Shaquille's interests. The court reinstated its prior decision that both children should be placed in the permanent custody of appellant.

---

2. Appellee and Larry Williams had separated in March 2000 and did not live together after that time. They obtained a dissolution of their marriage prior to the juvenile court's hearing.

{¶ 8} Appellee again appealed to the court of appeals, and that court again reversed the juvenile court's decision and remanded the cause for further proceedings. As to the issue relevant to this appeal, the court of appeals held that the juvenile court erred by failing to hold a hearing on whether Malcolm was entitled to representation by independent counsel, found that the limited scope of the representation ordered by the court for Malcolm was insufficient, and ordered that, on remand, the juvenile court again appoint counsel for Malcolm. In addition, on an issue not within the scope of this appeal as it comes to this court, the court of appeals found that the juvenile court had erred in finding that all the requirements for granting a motion for permanent custody had been proven, and remanded the cause for a new permanent-custody hearing.

{¶ 9} The court of appeals found that its holding regarding the appointment of counsel for the children was in conflict with the decision of the Second District Court of Appeals in *In re Alfrey*, Clark App. No. 01CA0083, 2003-Ohio-608, 2003 WL 262587. Upon appellant's filing of a notice of certified conflict, this court determined that a conflict exists and ordered the parties to brief the following issue:

{¶ 10} "Whether children who are the subject of a motion to terminate parental rights are 'parties' to that proceeding for the purposes of Juv.R. 4(A) and R.C. 2151.352, requiring the appointment of counsel." *In re Williams*, 99 Ohio St.3d 1540, 2003-Ohio-4671, 795 N.E.2d 680.

II

Resolution of the Certified Issue

{¶ 11} The court of appeals remanded this cause to the juvenile court on two separate grounds—the first involving the appointment of counsel for the children and the second concerning whether adequate proof supported the juvenile court's determination that the requirements for granting permanent custody to appellant were met. The court of appeals' holding that the trial court must hold a new permanent-custody hearing based on the second ground for reversal is not within the scope of our review. Therefore, regardless of how we resolve the certified issue, a new permanent-custody hearing must be held. This appeal focuses only on the certified issue concerning the appointment of counsel for children who are the subject of proceedings to terminate parental rights.

{¶ 12} The approach taken by the court of appeals in this case followed the approach taken by most Ohio courts of appeals that have encountered similar situations regarding the appointment of counsel for juveniles in permanent-custody proceedings. As to the specific certified issue, the parties have cited only the Second District Court of Appeals' decision in *Alfrey*, 2003-Ohio-608, as differing significantly from the approach of most Ohio courts of appeals, and our

research has revealed no other cases that have resolved the issue in the same way it was resolved by the *Alfrey* court.

{¶ 13} Our inquiry centers around R.C. 2151.352, which provides, "A child or the child's parents, custodian, or other person in loco parentis of such child is entitled to representation by legal counsel at all stages of the proceedings under this chapter or Chapter 2152. of the Revised Code and if, as an indigent person, any such person is unable to employ counsel, to have counsel provided for the person * * *. Counsel must be provided for a child not represented by the child's parent, guardian, or custodian. If the interests of two or more such parties conflict, separate counsel shall be provided for each of them."

{¶ 14} Furthermore, Juv.R. 4(A) provides, "Every party shall have the right to be represented by counsel and every child, parent, custodian, or other person in loco parentis the right to appointed counsel if indigent. These rights shall arise when a person becomes a party to a juvenile court proceeding. When the complaint alleges that a child is an abused child, the court must appoint an attorney to represent the interests of the child. This rule shall not be construed to provide for a right to appointed counsel in cases in which that right is not otherwise provided for by constitution or statute."

{¶ 15} This court, in *State ex rel. Asberry v. Payne* (1998), 82 Ohio St.3d 44, 46, 693 N.E.2d 794, stated that "Ohio, through R.C. 2151.352, provides a statutory right to appointed counsel that goes beyond constitutional requirements." For discussions of the requirements of the Due Process Clause of the Fourteenth Amendment to the United States Constitution regarding the right to counsel in juvenile court proceedings, see *Application of Gault* (1967), 387 U.S. 1, 87 S.Ct. 1428, 18 L.Ed.2d 527 (juvenile delinquency proceedings), and *Lassiter v. Durham Cty. Dept. of Social Serv.* (1981), 452 U.S. 18, 101 S.Ct. 2153, 68 L.Ed.2d 640 (proceedings to terminate parental rights).

{¶ 16} This court, in *Asberry*, 82 Ohio St.3d at 48, 693 N.E.2d 794, further stated that "under the plain language of R.C. 2151.352, indigent children, parents, custodians, or other persons *in loco parentis* are entitled to appointed counsel in all juvenile proceedings" and that this right to appointed counsel "emanates from R.C. 2151.352" and not from Juv.R. 4(A). See, also, 1994 Staff Notes to Juv.R. 4(A), 69 Ohio St.3d at CL.

{¶ 17} The court of appeals in this case, along with most courts of appeals that have considered the issue, determined that a juvenile has a right to counsel in a proceeding to terminate parental rights, based on the juvenile's status as a party to the proceeding. See *In re Jamie M.* (1999), 131 Ohio App.3d 637, 639, 723 N.E.2d 191; *In re Clark* (2001), 141 Ohio App.3d 55, 60–61, 749 N.E.2d 833. The court of appeals based its decision on R.C. 2151.352 and Juv.R. 4(A), and on Juv.R. 2(Y)'s definition of "party" as "a child who is the subject of a juvenile court

proceeding." Like other courts that have reached this conclusion, the court of appeals recognized that courts should make a determination, on a case-by-case basis, whether the child actually needs independent counsel, taking into account the maturity of the child and the possibility of the child's guardian ad litem being appointed to represent the child.

{¶ 18} The court of appeals held that a guardian ad litem can, in some situations, serve a dual role as both the guardian ad litem and the juvenile's attorney, see Juv.R. 4(C) and R.C. 2151.281(H), and thereby fulfill the juvenile's right to counsel, provided there has been an express dual appointment by the juvenile court. See *In re Duncan/Walker Children* (1996), 109 Ohio App.3d 841, 844–845, 673 N.E.2d 217; *Clark*, 141 Ohio App.3d at 60–61, 749 N.E.2d 833. Furthermore, the court of appeals followed cases that have held that when a guardian ad litem who is also appointed as the juvenile's attorney recommends a disposition that conflicts with the juvenile's wishes, the juvenile court must appoint independent counsel to represent the child. See *In re Smith* (1991), 77 Ohio App.3d 1, 13–14, 601 N.E.2d 45; *Janie M.*, 131 Ohio App.3d at 639, 723 N.E.2d 191; See, also, *In re Baby Girl Baxter* (1985), 17 Ohio St.3d 229, 232, 17 OBR 469, 479 N.E.2d 257 (the duty of a guardian ad litem to a ward [to recommend to the court what the guardian feels is in the best interest of the ward] and the duty of a lawyer to a client [to provide zealous representation] may be in fundamental conflict in a dual-representation situation).

{¶ 19} In *In re Alfrey*, on the other hand, the Second District Court of Appeals found that a child whose fate is being determined at a permanent-custody proceeding is not a party to that proceeding for purposes of R.C. 2151.352 and Juv.R. 4(A) and that, therefore, a child involved in the proceeding has no right to independent counsel. Id., 2003-Ohio-608, ¶ 21.

{¶ 20} In its decision, the *Alfrey* court did not cite Juv.R. 2(Y) and did not consider the effect of that provision on its conclusion. However, as the court of appeals in this case recognized, Juv.R. 2(Y) provides a significant indication that children who are the subject of permanent-custody proceedings are within R.C. 2151.352's reach regarding appointment of counsel. The Fourth Appellate District has recently adopted the approach that the court of appeals took in this case and acknowledged that Juv.R. 2(Y) was an important factor in its decision. See *In re Emery*, 4th Dist. No. 02CA40, 2003-Ohio-2206, 2003 WL 2003811, ¶ 8–9 (Juv.R. 2[Y] erases any doubt that both parents and children are parties to all juvenile court proceedings covered by the Juvenile Rules. Citing the Editor's Comment to Juv.R. 2[Y] in Banks–Baldwin's Ohio Revised Code Annotated.).

{¶ 21} In addition, other Juvenile Rules besides Juv.R. 2(Y) and 4(A) lend support to the view that a child who is the subject of a permanent-custody proceeding is a party to that proceeding. See, e.g., Juv.R. 2(O), which defines

"guardian ad litem" as "a person appointed to protect the interests of a *party* in a juvenile court proceeding." (Emphasis added.)

{¶ 22} The *Alfrey* court, in concluding that children are not parties for purposes of R.C. 2151.352, specifically rejected the holdings of the Sixth District in *In re Janie M.*, 131 Ohio App.3d 637, 723 N.E.2d 191, and the Eighth District in *In re Clark*, 141 Ohio App.3d 55, 749 N.E.2d 833. *Alfrey*, 2003-Ohio-608, ¶ 27–28. The *Alfrey* court found that those decisions were based in part on an overly broad reading of this court's statement in *Asberry*, 82 Ohio St.3d 44, 48, 693 N.E.2d 794, and distinguished *Asberry* because that case involved the appointment of counsel for a grandmother who qualified as a party to the proceedings under R.C. 2151.352 because she was the custodian of the child. *Alfrey* at ¶ 27–28. However, even though this court's statement in *Asberry* regarding who is entitled to appointed counsel under R.C. 2151.352 may be susceptible of the argument that it was overly broad given the facts of that case, that does not mean that that statement was incorrect. As indicated by the Juvenile Rules discussed above, the plain language of R.C. 2151.352 establishes that the subject child is a party to the proceeding to terminate parental rights.

{¶ 23} The *Alfrey* court drew a distinction between the application of R.C. 2151.352 in a delinquency proceeding, in which it found that the child is clearly a party and is thus entitled to appointed counsel, and in a termination-of-parental-rights proceeding, in which it found that the child is not a party. Id. at ¶ 6, 21, 30. However, as discussed above, the plain language of the statute belies this distinction and recognizes the child as a party in any juvenile court proceeding, not just in delinquency cases.

{¶ 24} As further support for its position, the *Alfrey* court found that parents can adequately represent their child's interests when those interests are aligned with those of the parents and, in that situation, appointment of independent counsel for the child is not necessary. Id. at ¶ 21. Appellant urges us to accept this view and points to the following language from R.C. 2151.352 to support its position: "Counsel must be provided for a child not represented by the child's parent, guardian, or custodian. If the interests of two or more such parties conflict, separate counsel shall be provided for each of them." We agree that these two sentences create an ambiguity, in that it is not clear whether the "child" referred to in the first quoted sentence of R.C. 2151.352 is one of the "such parties" referred to in the second quoted sentence, and therefore can be interpreted favorably to appellant's position.

{¶ 25} In addition, we recognize that there is a dichotomy in finding, as many courts of appeals have, that when the interests of parent and child are aligned a parent has standing to raise the child's deprivation of counsel as an issue on appeal and at the same time finding that the parent's attorney is unable to

adequately represent the interests of the child. However, this inconsistency is not sufficient to overcome the plain language of the first sentence of R.C. 2151.352, as clarified by the Juvenile Rules discussed above.

{¶ 26} The *Alfrey* court expressed what it called a "practical concern" about the burden that had been imposed on juvenile courts in those appellate districts that had held that a child in a termination-of-parental-rights proceeding is a party to the proceeding and entitled to counsel. Id. at ¶ 29–30. The court questioned the benefit of such a holding, particularly when many children may be involved in a single case, and questioned whether having more attorneys involved would bring anything additional to the proceedings, when the parents' attorney already represents the interests of the parents, which are congruent with the interests of the child. Id.

{¶ 27} In a somewhat related argument, appellant implies that the procedures set forth in R.C. Chapter 2151, especially R.C. 2151.414, are invoked for the child's protection and the furtherance of the child's best interests, and so the child does not need an independent attorney. Appellant cites several R.C. Chapter 2151 sections that indicate that children are generally not permitted to make important decisions and that others, including juvenile court judges, must make those decisions. Appellant also points out that there are statutory require- ments in place to guide those judges in reaching their decisions. For example, R.C. 2151.414(D)(2) requires the juvenile court to consider the wishes of the child, whether expressed by the guardian ad litem or directly by the child, so the court cannot ignore the child's wishes, even if they are not presented by counsel. However, once again, appellant's arguments and the *Alfrey* court's "practical concerns" do not overcome the plain language of the first sentence of R.C. 2151.352, as clarified by the Juvenile Rules.

{¶ 28} Juv.R. 1(B) provides that the Juvenile Rules "shall be liberally inter- preted and construed so as to effectuate * * * the just determination of every juvenile court proceeding by ensuring the parties a fair hearing and the recogni- tion and enforcement of their constitutional and other legal rights." Once we accept the premise that the subject child is a party whose due process rights are entitled to protection, peripheral practical considerations fade in importance. See *In re Hoffman,* 97 Ohio St.3d 92, 2002-Ohio-5368, 776 N.E.2d 485, ¶ 14 (recogniz- ing importance of ensuring due process in cases involving the termination of parental rights).

{¶ 29} For all of the foregoing reasons, we hold that pursuant to R.C. 2151.352, as clarified by Juv.R. 4(A) and Juv.R. 2(Y), a child who is the subject of a juvenile court proceeding to terminate parental rights is a party to that proceeding and, therefore, is entitled to independent counsel in certain circumstances. We affirm

the judgment of the Geauga County Court of Appeals on the issue certified for our review.

Judgment affirmed.

MOYER, C.J., F.E. SWEENEY, PFEIFER, LUNDBERG STRATTON, O'CONNOR and O'DONNELL, JJ., concur.

———————

David P. Joyce, Geauga County Prosecuting Attorney, and Brian M. Richter, Assistant Prosecuting Attorney, for appellant Geauga County Job and Family Services.

Robey & Robey and Margaret Amer Robey, for appellee Dakota Williams.

Katherine Hunt Federle; Paul Skendelas and David L. Strait, urging affirmance for amici curiae Justice For Children Project and Ohio Association of Criminal Defense Lawyers.