{¶ 56} While I do not differ with the majority's resolution of appellant's first and second assignments of error, I disagree with its holding with respect to assignment of error three. Accordingly, I dissent.
 {¶ 57} This court has previously held that all parties to a juvenile proceeding have the right to be represented by counsel. In re Williams,
11th Dist. Nos. 2002-G-2454 2002-G-2459, 2002-Ohio-6588, at ¶ 18. See, also, Juv.R. 4(A) A subject juvenile is considered a party to proceedings involving the termination of parental rights and is therefore entitled to counsel pursuant to Juv.R. 4(A). In re Williams,101 Ohio St.3d 398, 2004-Ohio-1500, at ¶ 24.
 {¶ 58} The majority aptly notes that an attorney may act in a dual capacity as counsel and guardian ad litem to the extent there are no conflicts of interest. See, In re Williams, 11th Dist. Nos. 2003-G-2498 2003-G-2499, 2003-Ohio-2550, at ¶ 20. However, I believe attorneys serving this dual role will inevitably encounter a conflict under circumstances such as those under consideration. DR 5-102 sets forth rules regarding an attorney's duty to withdraw as counsel in cases where he or she becomes or expects to become a witness. DR 5-102(A) provides, in relevant part: "If, after undertaking employment in contemplated or pending litigation, a lawyer learns or it is obvious that he * * * ought to be called as a witness on behalf of his client, he shall withdraw from the conduct of the trial * * *."
 {¶ 59} In proceedings involving the termination of parental rights, an attorney who serves the dual role of counsel and guardian ad litem can expect to be called as a witness in his or her capacity as guardian ad litem. Further, in situations where the children for which the attorney serves as counsel and guardian ad litem are "pre-verbal" or "non-verbal," counsel can expect to be called as a witness in his or her capacity as guardian ad litem to articulate the children's best interests, i.e. testify on behalf of his or her client. The children in the current case were pre-verbal and unable to express their wishes. Pursuant to DR 5-102(A), the attorneys serving in dual capacities in the current case were therefore obligated to withdraw as counsel.
 {¶ 60} Moreover, the United States Supreme Court has historically recognized the rights of parents and children to associate with one another as fundamental and protected by the Fourteenth Amendment.Santosky v. Kramer (1982), 455 U.S. 745, 753. This liberty interest envelopes the right of children to associate with their parents. See, e.g. Froelich v. Wisconsin Dept. of Corrections (7th Cir., 1999),196 F.3d 800, 801, citing Santosky, supra.
 {¶ 61} DR 5-102(B) applies to situations "where an adverse party seeks to call opposing counsel as a witness." Disciplinary Counsel v. O'Neill
(1996), 75 Ohio St.3d 1498. The rule provides that counsel may proceed with his or her representation "until it is apparent that his testimony is or may be prejudicial to his client." DR 5-102(B). This court has previously held that "a parent should always be given the opportunity * * * to cross-examine the guardian ad litem as to the substance of his factual findings and recommendations." In re Salsgiver, 11th Dist. No. 2002-G-2478, 2003-Ohio-1203, at ¶ 26. Therefore, an attorney serving in the dual role of counsel and guardian ad litem for children can expect to be called as a witness and cross-examined by an adverse party.
 {¶ 62} An attorney is charged with a fundamental duty to zealously protect the rights of his client. Where a client is a pre-verbal or non-verbal child, the attorney must strive to protect the child's fundamental liberty interest in associating with his or her parents. It is axiomatic that children and parents alike love one another and wish to associate with one another. Sometimes, regrettably, parents do not act in the child's "best interests." The role of counsel is to protect his client's rights and not make an independent determination of "best interest." In a permanent custody proceeding "best interest" is the fundamental role and duty of the court and the guardian ad litem. An attorney representing a child cannot zealously represent and protect a child's "best interests" by recommending the abrogation of the child's fundamental right to associate with his or her parents.
 {¶ 63} In sum, an attorney acting in a dual capacity who testifies to a child's alleged "best interests" and these alleged "best interests" include a recommendation to terminate the natural parent's right to associate with their children and, by implication the children's right to associate with their parents, is testifying in a manner that is essentially prejudicial to the rights of the child qua client. Hence, pursuant to DR 5-102(B), the attorneys serving dual roles in the current matter should have withdrawn themselves in their capacity as counsel as it was apparent their testimony would be prejudicial to the child's fundamental liberty interests.
 {¶ 64} In my view, the attorneys serving dual roles in the current case were unable to execute their fundamental duties as guardians ad litem without undermining their obligations as advocates to their clients. I would accordingly sustain appellant's final assignment of error.