OPINION FARMER, J.
 {¶ 1} On December 28, 2001, appellee, the Fairfield County Children Services Board, filed complaints for the temporary custody of Tierra Spears born October 14, 1998, Chase Spears born May 25, 2000 and Eric Spears born June 1, 2001, alleging the children to be dependent. On October 21, 2002, appellee filed a fourth complaint for the temporary custody of Gene Spears born October 18, 2002, alleging the child to be dependent. Mother of the children is appellant, Traci Hedrick; father is Brian Spears. By judgment entries filed March 12, 2002 and January 7, 2003, the trial court found the children to be dependent and placed the children in appellee's temporary custody.
 {¶ 2} On November 20, 2003, appellee filed a motion for permanent custody based upon the parents' failure to comply with the case plan. Hearings commenced on January 15, 2004. Based upon the decision in In reWilliams, 101 Ohio St.3d 398, 2004-Ohio-1500, the trial court appointed an attorney to represent the children and held additional hearings commencing on September 14, 2004. By judgment entry filed January 3, 2005, the trial court granted permanent custody of the children to appellee.
 {¶ 3} Appellant filed an appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I {¶ 4} "THE TRIAL COURT ERRED IN CONSIDERING TESTIMONY OBTAINED IN VIOLATION OF APPELLANT'S FIFTH AMENDMENT RIGHT AGAINST SELF-INCRIMINATION."
 II {¶ 5} "APPELLANT'S CHILDREN WERE DENIED DUE PROCESS OF LAW WHEN APPOINTED COUNSEL FOR THE CHILDREN FAILED TO ADVOCATE AGAINST AN AWARD OF PERMANENT CUSTODY TO FAIRFIELD COUNTY CHILDREN'S SERVICES."
 I {¶ 6} Appellant claims the trial court erred in considering testimony regarding her alleged drug use in violation of her Fifth Amendment right against self-incrimination. We disagree.
 {¶ 7} The admission or exclusion of evidence rests in the sound discretion of the trial court. State v. Sage (1987), 31 Ohio St.3d 173. In order to find an abuse of discretion, we must determine the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983)5 Ohio St.3d 217.
 {¶ 8} The Fifth Amendment to the United States Constitution provides in pertinent part that no person "shall be compelled in any criminal case to be a witness against himself." The protection of this amendment applies in any type of proceeding, whether civil, criminal, administrative, investigatory, or adjudicatory. Maness v. Meyers (1975),419 U.S. 449, 461. In Rogers v. United States (1951), 340 U.S. 367, 373, the United States Supreme Court cited the case of Brown v. Walker
(1896), 161 U.S. 591, 597, which held "`Thus, if the witness himself elects to waive his privilege, as he may doubtless do, since the privilege is for his protection and not for that of other parties, and discloses his criminal connections, he is not permitted to stop, but must go on and make a full disclosure.'" The Rogers court noted "federal courts have uniformly held that, where criminating facts have been voluntarily revealed, the privilege cannot be invoked to avoid disclosure of the details." Id. However, after a defendant freely admits to a criminating fact, "as to each question to which a claim of privilege is directed, the court must determine whether the answer to that particular question would subject the witness to a `real danger' of further crimination." Id. at 374.
 {¶ 9} Appellant freely answered questions pertaining to her drug use before consulting with her attorney and invoking her Fifth Amendment rights:
 {¶ 10} "Q. Okay. Um, and what type of program is this, that you're going to, that's from, say, from 30 days to six months. What kind of treatment program is this?
 {¶ 11} "A. It's a drug facility. They help you get a job; they help you, um, find housing; they help you better yourself.
 {¶ 12} "* * *
 {¶ 13} "Q. Well, I think that's a yes or no question. Do you believe that you have any problems with drugs or alcohol?
 {¶ 14} "A. I would rather not answer that.
 {¶ 15} "PROS. BLAISDELL: Your Honor, I'd ask you to instruct the witness to answer the question.
 {¶ 16} "THE COURT: You gotta answer the question.
 {¶ 17} "A. Yes, I do feel I do.
 {¶ 18} "* * *
 {¶ 19} "Q. What, what type of drug or alcohol do you think you have a problem with?
 {¶ 20} "A. Cocaine." November 4, 2004 T. at 98 and 112-113, respectively.
 {¶ 21} Based upon her testimony, we find appellant waived her privilege and her Fifth Amendment rights were not violated.
 {¶ 22} Furthermore, even if the testimony on appellant's drug usage was thrown out, there existed competent, credible evidence to support the trial court's decision. September 14, 2004 T. at 53-65, 70, 140-143, 172-173, 181, 184, 242, 258, 261-262, 271, 277; September 16, 2004 T. at 9-10, 113, 116-119, 213, 277.
 {¶ 23} Assignment of Error I is denied.
 II {¶ 24} Appellant claims the children were denied due process when the children's appointed counsel failed to advocate against an award of permanent custody to appellee. We disagree.
 {¶ 25} The trial court appointed independent counsel to the children pursuant to In re Williams, 101 Ohio St.3d 398, 2004-Ohio-1500, syllabus, wherein the Supreme Court of Ohio held, "Pursuant to R.C. 2151.352, as clarified by Juv.R. 4(A) and Juv.R. 2(Y), a child who is the subject of a juvenile court proceeding to terminate parental rights is a party to that proceeding and, therefore, is entitled to independent counsel in certain circumstances."
 {¶ 26} Appellant argues the children's independent counsel was deficient in advocating that all the children be placed in appellee's permanent custody. Appellant argues the "record in this case does not adequately demonstrate that the children desired an award of permanent custody to the Agency." Appellant's Brief at 10. Absent an adequate record, the children's rights to due process were not protected.
 {¶ 27} The children's independent counsel met with the children in August of 2004 in the presence of the guardian ad litem and asked the children their respective desire for placement. November 4, 2004 T. at 187. Tierra did not respond to the question. Id. at 188-189. Chase indicated "he wanted to stay with the foster parents." Id. at 189. Gene and Eric were too young to understand the question. Id. at 189, 191. The independent counsel met with the children, questioned witnesses at trial and called the guardian ad litem to the stand. We find no evidence of deficiency on the part of independent counsel.
 {¶ 28} Assignment of Error II is denied.
 {¶ 29} The judgment of the Court of Common Pleas of Fairfield County, Ohio, Juvenile Division is hereby affirmed.
Farmer, J. Hoffman, P.J. and Wise, J. concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Fairfield County, Ohio, Juvenile Division is hereby affirmed.