{¶ 33} I concur separately with the majority on the issue of the separate attorney for the child whose wishes are different than those of her sister. The majority concludes that an in camera interview would have resolved all of the issues. However, since the trial court chose not to hold a second in camera interview, reversible error occurred. Although I agree that error occurred, I do not agree that a second in camera interview would resolve the error. R.C. 2151.352 provides that a child is entitled to counsel during a proceeding to terminate parental rights as he/she is a party to the proceeding. This counsel shall be separate from that of the guardian ad litem if the two interests conflict. In reWilliams, 101 Ohio St.3d 398, 2004-Ohio-1500, 805 N.E.2d 1110.
 {¶ 34} Guidance as to the representation of the interests of multiple clients is found in the Ethical Considerations of the code of Professional Responsibility.
Maintaining the independence of professional judgment required of alawyer precludes his acceptance or continuation of employment that willadversely affect his judgment on behalf of or dilute his loyalty to aclient. This problem arises whenever a lawyer is asked to represent twoor more client who may have differing interests, whether such interest beconflicting, inconsistent, diverse, or otherwise discordant.
EC 5-14.
If a lawyer is requested to undertake or to continue representation ofmultiple clients having potentially differing interests, he must weighcarefully the possibility that his judgment may be impaired or hisloyalty divided if he accepts or continues the employment. He shouldresolve all doubts against the propriety of the representation. A lawyershould never represent in litigation multiple clients with differinginterests; and there are few situations in which he would be justified inrepresenting in litigation multiple clients with potentially differinginterests. If a lawyer accepted such employment and the interests didbecome actually differing, he would have to withdraw from employment withlikelihood of resulting hardship on the clients; and for this reason itis preferable that he refuse the employment initially. * * *
EC 5-15. The requirement of separate counsel is also addressed in R.C. 2151.352.
A child * * * is entitled to representation by legal counsel at allstages of the proceedings under this chapter or [R.C. 2152] * * *.Counsel must be provided for a child not represented by the child'sparent, guardian, or custodian. If the interests of two or more suchparties conflict, separate counsel shall be provided for each of them.
R.C. 2151.352. While holding a second in camera interview would prevent the attorney from providing her opinions as to her client's wishes and in effect testifying for her client, it does not resolve the issue of conflict of interest between the parties. The attorney is still forced to represent clients with separate wishes and argue both sides of the argument. This action is in conflict with the ethical considerations governing counsel. Thus, I do not believe that the in camera interview would resolve the issue, certainly not from the attorney's point of view and consequently from the child client's viewpoint.
 {¶ 35} I dissent from the majority as to whether a psychological expert needs to be appointed. Contrary to the position taken by the majority, the original opinion did not require an expert to be appointed in all cases. This is not and should not be the rule. However, when dealing with the termination of parental rights, a fundamental right, extra care should be taken to insure that the parent's rights have been protected.
[W]hen an expert's testimony is part of the case for permanentcustody, then the court should appoint an expert. "Where the juvenilecourt grants the state's request for a psychological examination of anindigent parent to be performed by an examiner selected and paid by thestate the parent is entitled to an expert of his or her own."
 In re Elliott, 7th Dist. Nos. 03JE30, 03JE33, 2004-Ohio-388 at ¶ 22 (citing In re Stanley (Dec. 7, 1993), Franklin App. No. 93 AP-972, unreported). Here, the State required Sherman to submit to a mental health evaluation. Dr. Connell testified that the results were not accurate because Sherman was not cooperative. This was his subjective opinion. On cross-examination, various other reasons for the failure of Sherman to successfully complete the testing were given. Rather than merely accepting Dr. Connell's judgment that Sherman was uncooperative and would be a poor parent, a defense expert could have been appointed to test Sherman and see if a different opinion is reached as to the reason for the failure. By using the conclusions of Dr. Connell, the State placed Sherman's mental health at issue. Thus, Sherman should be granted his own expert as he requested.
 {¶ 36} For these reasons, I concur in part and dissent in part.