OPINION
{¶ 1} This case comes to us on the accelerated calendar. App. R. 11.1 which governs accelerated calendar cases, provides in pertinent part:
 {¶ 2} "(E) Determination and judgment on appeal. The appeal will be determined as provided by App. R. 11.1. It shall be sufficient compliance with App. R. 12(A) for the statement of the reason for the court's decision as to each error to be in brief and conclusionary form. The decision may be by judgment entry in which case it will not be published in any form."
 {¶ 3} This appeal shall be considered in accordance with the aforementioned rule.
 {¶ 4} This appeal emanates from the granting of permanent custody of Jeffrey Salsberry (D.O.B. August 22, 1998), Samantha Salsberry, (D.O.B. June 23, 1999), and Jonathan Salsberry (D.O.B. July 16, 2001) to the Fairfield County Childrens Services (FCCS). Such children were the issue of Jeffrey Salsberry, father and Appellant, and Bendena Salsberry, mother, who is not appealing the Court's decision.
 {¶ 5} Separate appeals were also simultaneously filed in Case Nos. 06-CA-04 and 06-CA-06.
 STATEMENT OF THE FACTS AND CASE {¶ 6} All three children were placed with Fairfield County Childrens Services (FCCS) on July 8, 2004, pursuant to a voluntary care agreement.
 {¶ 7} On October 21, 2004, both parents agreed to a finding that the children were dependent, which had been asserted by FCCS by Complaint filed August 3, 2004.
 {¶ 8} After three review hearings, FCCS moved for permanent custody.
 {¶ 9} The trial as to permanent custody began on September 6, 2005. After testimony and a report from the Guardian Ad Litem, the court issued findings of fact and conclusions of law and granted the motion of FCCS.
 {¶ 10} Two identical Assignments of Error are raised in all three appeals:
 ASSIGNMENTS OF ERROR {¶ 11} "I. THE TRIAL COURT ERRED AS A MATTER OF LAW BY GRANTING THE MOTION FOR PERMANENT CUSTODY WITHOUT APPOINTING SEPARATE COUNSEL FOR ALL THREE CHILDREN.
 {¶ 12} "II. THE TRIAL COURT RULING GRANTING THE MOTION FOR PERMANENT CUSTODY WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
 I. {¶ 13} This First Assignment objects to the failure of the court to appoint counsel for the children. We disagree.
 {¶ 14} In support of this argument, Appellant cites In Re:Williams (2004), 101 Ohio St.3d 398.
 {¶ 15} Such reliance is misplaced in that such case did not mandate appointment but stated:
 {¶ 16} "Juvenile has a right to counsel in a proceeding to terminate parental rights, based on the juvenile's status as a party to the proceeding; courts should make a determination, on the case-by-case basis, whether the child actually needs independent counsel, taking into account the maturity of the child and the possibility of the child's guardian ad litem being appointed to represent the child. R.C. § 2151.352; Juvenile Procedure Rules 2(Y), 4(A)."
 {¶ 17} In the case sub judice, the children were only 7, 6, and 4, respectively, at the time of the hearing.
 {¶ 18} Appellant states that the oldest child, Jeffrey, expressed a desire to be with his mother. Not only do we fail to find such in the record, but the mother is not a party to this appeal.
 {¶ 19} In addition, Appellant failed to raise such issue before the trial court.
 {¶ 20} "An appellate court need not consider an error which a party complaining of the trial court's judgment could have called but did not call, to the trial court's attention at a time when such error could have been avoided or corrected by the trial court." State v. Williams (1977), 51 Ohio St.2d 112, syllabus paragraph one. See also Civ. R. 53(E).
 {¶ 21} In addition to the foregoing, the record indicates that Mary Ann Boone was appointed as both guardian ad litem and counsel for all three children on August 20, 2004.
 {¶ 22} While Ms. Boone recommended the granting of the motion of FCCS for permanent custody and this is adverse to the interest of Appellant, it must be remembered that, as both guardian ad litem and as counsel for the children, her obligation was to represent the best interests of the children, not the desires of Appellant.
 {¶ 23} It is further noted that the First Assignment of Error does not assert a conflict of interest of Ms. Boone in her dual capacities but the absence of appointment of counsel which is not the case here.
 {¶ 24} The First Assignment is rejected.
 II. {¶ 25} The Second Assignment concerns the manifest weight of the evidence.
 {¶ 26} "In reviewing the records under the manifest weight of the evidence, a reviewing court is to examine the entire record, weigh the evidence and draw all reasonable inferences, consider the credibility of the witnesses and determine Awhether in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed." State v. Martin (1983),20 Ohio App.3d 172. See also, State v. Thompkins (1997),78 Ohio St.3d 380. "The discretionary power to grant a new trial "should be exercised only in the exceptional case in which the evidence weights heavily against the conviction." Martin at 175. "Because the trier of fact is in a better position to observe the witnesses= demeanor and weigh their credibility, the weight of the evidence and the credibility of the witnesses are primarily for the trier of fact." State v. DeHass (1967),10 Ohio St.2d 230.
 {¶ 27} We are not fact finders; we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v.Jeffries (Feb. 10, 1982), Stark App. No. CA-5758, unreported. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence.C.E. Morris Co. v. Foley Construction (1978),54 Ohio St.2d 279.
 {¶ 28} In this case, the court found the following facts were established by the evidence, which the record supports:
 {¶ 29} "Jeffrey Salsberry, father of these children currently lives alone in a one bedroom apartment that even he concedes would not be appropriate for him and his children to reside in together."
 {¶ 30} "* * *"
 {¶ 31} "From April, 2004, to May, 2005, Jeff Salsberry provided very little financial support for his children."
 {¶ 32} "* * *"
 {¶ 33} "Jeff Salsberry has demonstrated a lack of commitment towards the children by failing to regularly support, visit, or communicate with the children when able to do so, or by other actions showing an unwillingness to provide an adequate permanent home for the children."
 {¶ 34} "* * *"
 {¶ 35} "Jeff Salsberry has failed to visit or maintain contact with his children for more than ninety days. Jeff Salsberry has abandoned his children."
 {¶ 36} "* * *"
 {¶ 37} "Jeff Salsberry is 42 years old. He has a criminal record as a juvenile with a burglary conviction. He has been to prison three times. The convictions which led him to prison were convictions for burglary, grand theft auto, and sexual battery. The sexual battery conviction took place when Jeff Salsberry was approximately 32-33 years old." (Judgment Entry, Findings of Fact and Conclusions of Law, December 20, 2005).
 {¶ 38} We find that there is competent, credible evidence to support the court's granting of permanent custody to FCCS.
 {¶ 39} The judgment of the Fairfield County Court of Common Pleas, Juvenile Division, is affirmed at Appellant's costs.
Boggins, J. Wise, P.J. and Farmer, J. concurs.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Fairfield County Court of Common Pleas, Juvenile Division, is affirmed. Costs assessed to appellant.