{¶ 63} I concur in judgment only with the majority opinion. I write separately to express my disappointment with the manner in which the natural mother's absence from the court hearing was handled. Truly, the representation that she was "sick and weak," coming in a phone call on the morning of the hearing, was an inappropriate method of seeking a continuance of the hearing. However, we must be mindful at all times this is probably the most important court hearing any parent can ever envision. Her child was being taken away from her, and her presence at the proceeding was essential.
 {¶ 64} A parent's right to raise a child is an essential civil right.[1] The termination of parental rights is the civil equivalent to the death penalty in criminal law.[2]
Thus, courts must afford the natural parent every procedural and substantive protection allowed by law before depriving the parent of their right to continue raising their children.[3]
 {¶ 65} Under all but the most extreme circumstances, the absence of a natural parent from a hearing to terminate her parental rights cannot be countenanced. If the hearing has to be continued for a day or a week, so be it. We are talking about severing the parent-child relationship here.
 {¶ 66} I write also to reaffirm my firm belief that the appointment of counsel to represent ALL PARTIES in this matter is essential. The child herein was absolutely entitled to counsel in this matter.[4]
 {¶ 67} This matter is being remanded to the trial court for additional proceedings. I believe it is imperative for the trial court to appoint counsel for the child upon remand. The court should engage in the analysis set forth in the majority opinion to determine if independent counsel is necessary or if a "dual appointment" of the guardian ad litem as the child's attorney would be appropriate.
 {¶ 68} Finally, I do not agree with the majority's decision to address the merits of appellant's sixth assignment of error. The majority correctly concludes that this matter should be remanded for further proceedings, including permitting appellant to cross-examine the guardian ad litem concerning her report and introduce rebuttal evidence. As such, the evidentiary record in this matter is incomplete. I believe it is premature and advisory to rule that the trial court's "judgment is supported by other evidence in the record[.]" Likewise, it is inappropriate for the majority to "find the trial court's judgment terminating Fredrica's parental rights to be correct[.]"
 {¶ 69} I agree with the majority's decision to reverse the trial court's judgment entry and remand this matter to the trial court for further proceedings. However, that decision renders appellant's sixth assignment of error moot.[5]
[1] In re Murray (1990), 52 Ohio St.3d 155, 157.
[2] (Citation omitted.) In re Hayes (1997), 79 Ohio St.3d 46,48.
[3] Id.
[4] In re Williams, 101 Ohio St.3d 398, 2004-Ohio-1500, syllabus.
[5] See App.R. 12(A)(1)(c).