OPINION
{¶ 1} Appellant, Jolanda Croal ("Croal"), appeals the judgment entered by the Juvenile Division of the Trumbull County Court of Common Pleas. The trial court granted a motion for permanent custody of Croal's children filed by appellee, the Trumbull County Children Services Board.
 {¶ 2} Croal is the mother of Ja'Tayvion Allen ("Ja'Tayvion") and Ja'Lisa Allen ("Ja'Lisa"). Vincent Allen ("Allen") is the father of Ja'Tayvion and Ja'Lisa. Ja'Tayvion was born in February 2001, and Ja'Lisa was born in January 2002. *Page 2 
 {¶ 3} Appellee has been involved in this case since 2001. At various times, the children were subject to temporary custody and/or protective supervision orders. The children were placed with several different people, including: Croal, their maternal grandfather, and their paternal grandmother. In May 2005, Ja'Tayvion and Ja'Lisa were placed with a foster family. They resided with this foster family through the permanent custody hearing.
 {¶ 4} On January 11, 2007, the trial court appointed Attorney Laura Berzonski as guardian ad litem and counsel for Ja'Tayvion and Ja'Lisa. There is nothing in the record to indicate the trial court considered whether the dual appointment was appropriate or whether there was a conflict between the two roles Attorney Berzonski would be performing.
 {¶ 5} In March 2007, appellee filed a motion for permanent custody of Ja'Tayvion and Ja'Lisa. A hearing was held on appellee's motion for permanent custody on June 15, 2007 before a magistrate. Croal and Allen both testified at this hearing. Also, Attorney Berzonski testified as the guardian ad litem. During her testimony, Attorney Berzonski admitted that she had not interviewed Ja'Tayvion or Ja'Lisa.
 {¶ 6} The magistrate issued a decision recommending that appellee's motion for permanent custody be granted. Croal and Allen filed timely objections to the magistrate's decision. In December 2007, the trial court overruled Allen's and Croal's objections to the magistrate's decision and granted appellee's motion for permanent custody of Ja'Tayvion and Ja'Lisa. *Page 3 
 {¶ 7} Croal has timely appealed the judgment of the trial court. In addition, Allen has appealed the trial court's judgment to this court. Our decision in Allen's appeal is also released today. In re Allen, 11th Dist. No. 2008-T-0008.
 {¶ 8} Croal raises three assignments of error. These assigned errors will be addressed out of numerical order. Croal's second assignment of error is:
 {¶ 9} "The trial court erred by failing to consider adequately whether the children should have been appointed counsel to advocate for their wishes regarding permanent custody."
 {¶ 10} At issue in this assigned error is whether Ja'Tayvion and Ja'Lisa, as minor children involved in a case where a children services agency was seeking to terminate their parents' parental rights, were entitled to counsel. This court has held that children involved in such proceedings are "parties" and are entitled to representation by counsel pursuant to Juv. R. 4(A), Juv. R. 2(Y), and R.C. 2151.352. In reWilliams, 11th Dist. Nos. 2003-G-2498 2003-G-2499, 2003-Ohio-3550, at ¶ 19. In affirming this court's decision in In re Williams, the Supreme Court of Ohio held:
 {¶ 11} "Pursuant to R.C. 2151.352, as clarified by Juv. R. 4(A) and Juv. R. 2(Y), a child who is the subject of a juvenile court proceeding to terminate parental rights is a party to that proceeding and, therefore, is entitled to independent counsel in certain circumstances."In re Williams, 101 Ohio St.3d 398, 2004-Ohio-1500, syllabus.
 {¶ 12} In In re Williams, the Supreme Court of Ohio approved of this court's holding that trial courts "should make a determination, on a case-by-case basis, whether the child actually needs independent counsel, taking into account the maturity of the child and the possibility of the child's guardian ad litem being appointed to represent the *Page 4 
child." In re Williams, 101 Ohio St.3d 398, 2004-Ohio-1500, at ¶ 17. The record does not demonstrate that the trial court conducted an in camera interview of the children to determine if they had sufficient maturity to benefit from court-appointed counsel.
 {¶ 13} Appellee notes that the children in this matter were five and six years old at the time of the hearing. Appellee argues the children were too young to express their interests. This court has held that there is "`no bright-line rule * * * regarding what age a child would be considered mature for purposes [of appointment] of legal counsel.'"In re Williams, 11th Dist. Nos. 2003-G-2498 2003-G-2499, 2003-Ohio-3550, at ¶ 22. (Citations omitted.) In this matter, Ja'Tayvion was six years and four months old at the time of the hearing in this matter. Ja'Lisa was five years and four months old at that time. We note the older child in In re Williams was six years and two weeks old at the time of the initial permanent custody hearing in that case. In reWilliams, 101 Ohio St.3d 398, 2004-Ohio-1500, at ¶ 2-4. Further, we note that the Tenth Appellate District has held that a five-year-old child "was arguably capable of expressing his wishes." In re T.V., 10th Dist. Nos. 04AP-1159 04AP-1160, 2005-Ohio-4280, at ¶ 59. Accordingly, the trial court should have interviewed the children to determine if they were of sufficient maturity to benefit from appointed counsel.
 {¶ 14} In the case sub judice, the trial court made a dual appointment of Attorney Berzonski to serve as both guardian ad litem and counsel for the children. However, it does not appear that the trial court conducted an analysis to determine if a dual appointment was appropriate. While dual appointments are permitted in certain circumstances, the trial court must ensure that the appointed attorney's role as guardian ad litem does not conflict with her role as the children's attorney. In reWilliams, *Page 5 
11th Dist. Nos. 2003-G-2498 2003-G-2499, 2003-Ohio-3550, at ¶ 20. (Citations omitted.) The Supreme Court of Ohio has explained the potential conflict that may arise from a dual appointment:
 {¶ 15} "[T]he duty of a guardian ad litem to a ward (to recommend to the court what the guardian feels is in the best interest of the ward) and the duty of a lawyer to a client (to provide zealous representation) may be in fundamental conflict in a dual-representation situation."In re Williams, 2004-Ohio-1500, at ¶ 18, citing In re Baby GirlBaxter (1985), 17 Ohio St.3d 229, 232.
 {¶ 16} In this matter, we will not address whether there was a conflict between Attorney Berzonski's respective roles as guardian ad litem and counsel for the children. This is because it appears from the record that Attorney Berzonski did not serve as the children's attorney in this case. Although she was appointed as the children's counsel, it is clear that Attorney Berzonski did not act as the children's attorney, since she did not ascertain what their interests were. At the permanent custody hearing, Attorney Berzonski stated:
 {¶ 17} "I did not interview the minor children due to their young ages of five and six, so I have not determined what their wishes and desires were."
 {¶ 18} Thus, while Attorney Berzonski was acting as the children's guardian ad litem, she was not acting as their attorney. It is not possible to zealously represent the children's interests when you are unaware of what those interests are.
 {¶ 19} Ja'Tayvion and Ja'Lisa were denied their right to counsel.
 {¶ 20} Croal's second assignment of error has merit.
 {¶ 21} Croal's first and third assignments of error are: *Page 6 
 {¶ 22} "[1.] The trial court erred in granting the motion for permanent custody as such decision was against the manifest weight of the evidence and resulted in a manifest miscarriage of justice.
 {¶ 23} "[3.] Appellant was denied the effective assistance of trial counsel as guaranteed by the Sixth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution."
 {¶ 24} We have found merit in Croal's second assignment of error. As a result, this matter is being remanded for a new hearing on appellee's motion for permanent custody. See In re Williams, 11th Dist. Nos. 2003-G-2498 2003-G-2499, 2003-Ohio-3550, at ¶ 30. Thus, Croal's remaining assignments of error are moot. App. R. 12(A)(1)(c). See, also,In re Williams, 11th Dist. Nos. 2003-G-2498 2003-G-2499, 2003-Ohio-3550, at ¶ 32.
 {¶ 25} The judgment of the trial court is reversed. This matter is remanded to the trial court for further proceedings consistent with this opinion. Specifically, the trial court is to conduct a new hearing on appellee's motion for permanent custody, after the children's wishes have been established and the trial court has ensured the children's right to counsel is safeguarded.
MARY JANE TRAPP, J., concurs,
 COLLEEN MARY OTOOLE, J., concurs with Concurring Opinion. *Page 7