O’Neill, J.,
dissenting.
{¶ 84} I do not object to the syllabus law as stated by the court. I do, however, disagree with the result, and I believe that the law stated in the court’s syllabus compels a different result when applied to this case. A child who is the subject of custody proceedings has a due-process right and a constitutional right to be involved in and present at the proceedings.
{¶ 85} While I believe that the majority is correct in stating that “[d]ue process does not mandate that a child be permitted to attend custody proceedings that are ancillary to a divorce,” paragraph five of the syllabus, in my view a child’s right to be present may be restricted only if the totality of the evidence clearly and convincingly demonstrates that exclusion is in the child’s best interest. Here, the evidence clearly demonstrates that the child’s best interest was subordinated to the wishes of the litigious parents and their lawyers. And even though the trial court accepted her motion to be treated as a party, and even though A.G.’s attorney was present throughout the trial proceedings, A.G. herself was excluded from the hearings where her very future was at stake. At the time of the hearing, she was 15, and her history of suffering as a result of her parents’ dispute is well documented in the record. The trial court made no attempt to justify its ruling that A.G. could not attend the custody hearing — a hearing being held, ironically, on her own motion. Although the trial court held an in camera hearing as to the child’s wishes for placement, the trial court did not even analyze whether A.G. was of sufficient age and maturity to attend and participate in those very proceedings. I cannot join in the majority’s judgment that the trial court’s ruling to exclude her was not an abuse of discretion, as it is patent that the trial court refused to exercise proper discretion in so ruling.
{¶ 86} Ohio Constitution, Article I, Section 16, provides: “All courts shall be open, and every person, for an injury done him in his land, goods, person, or reputation, shall have remedy by due course of law, and shall have justice administered without denial or delay.” Here, the trial court proceeded to judgment on the minor child’s motion without allowing the minor child to be *590 present. The court specifically ruled that A.G. had not met her burden of proof: “[T]he minor child (and by inference, Mother) has failed to show by clear and convincing evidence that an extraordinary circumstance exists to terminate father’s visits. * * * IT IS HEREBY ORDERED that the Motion to Terminate Visitation filed on behalf of the minor child is hereby DENIED.”
{¶ 87} It is beyond cavil that due process and open courts require better than this. A court cannot place its thumb on the scales of justice by excluding the proponent of a motion from the courtroom and then deny that motion for lack of evidentiary support.
{¶ 88} To be sure, a trial court acts within its discretion when it refuses to make a child a party to a custody dispute arising from a divorce. Civ.R. 75(B)(2) provides: “[W]ken it is essential to protect the interests of a child, the court may join the child of the parties as a party defendant and appoint a guardian ad litem and legal counsel, if necessary, for the child and tax the costs.” (Emphasis added.) The rule’s plain terms vest discretion in the trial court on such matters, and I do not disagree with either the rule or the majority’s reliance on it. Moreover, I am not concerned with the court’s conclusion that under the rule a child is not a proper party in an ancillary custody action to a divorce. But I must note that this rule is in direct tension with cases in which the custody order did not arise from a divorce, a tension that the majority’s analysis fails to resolve. In In re Williams, 101 Ohio St.3d 398, 2004-Ohio-1500, 805 N.E.2d 1110, we held that “a child who is the subject of a juvenile court proceeding to terminate parental rights is a party to that proceeding and, therefore, is entitled to independent counsel in certain circumstances.” Id. at syllabus. There may yet be a solution for this tension, but the majority does not provide it.
{¶ 89} I cannot envision another situation in which the law would countenance a person being made a party to a case and filing a dispositive motion, only to be precluded from personally supporting that motion in court. Now, it is plain that the trial court must have some discretion in such matters; obviously, the best interest of a three-year-old or a six-year-old child will clearly outweigh any benefit in allowing that child to directly participate in court proceedings. But here, the trial court described the 15-year-old child as “pleasant and engaging” and indicated that the child’s decision to file the motion to terminate visitation with her father stemmed from a discussion with one of her friends, “who had been successful in terminating a visiting relationship with her [own] father.” Moreover, the trial court admitted that although it would be in her best interest-to have a relationship with both of her parents, “[s]he is an only child caught in a web of parental hostility and ongoing conflict.” Given these circumstances, the trial court’s decision to prevent the child from participating was not supported by any credible evidence, let alone clear and convincing evidence. Even under the *591 standards announced by the court today, that decision should be reversed. Accordingly, I respectfully dissent.
Howard C. Whitcomb III, for appellant.
Hallett, Hallett & Nagel, Timothy W. Hallett, and Eric K. Nagel, for appellee.
Pfeifer, J., concurs in the foregoing opinion.